UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAN ZOOKIN,<br><br>           Plaintiff,<br>vs.<br><br>CSAA GENERAL INSURANCE COMPANY, *et al.*,<br><br>           Defendants. | Case No.: 2:24-cv-00914-GMN-MDC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Pending before the Court is the Motion to Dismiss, (ECF No. 6), filed by Defendant CSAA General Insurance Company. Plaintiff Ran Zookin filed a Response, (ECF No. 8), to which Defendant filed a Reply, (ECF No. 9).

For the reasons discussed below, because Plaintiff fails to allege facts which make an inference of culpability plausible, the Court GRANTS Defendant's Motion to Dismiss.

**I.      BACKGROUND**

This case arises from injuries Plaintiff sustained in an accident with a third-party driver in June 2021. (*See generally* Compl., Ex. A to Pet. Removal, ECF No. 1-1). As a result of the collision, Plaintiff suffered damage to his vehicle and physical injury. (*Id.* ¶ 20). At the time of the accident, Plaintiff had a policy insurance with Defendant, (the "Policy"). (*Id.* ¶¶ 22–23). Plaintiff alleges that pursuant to the Policy, Defendant agreed to pay compensatory damages for bodily injury to an insured that was caused by a third-party driver who was "underinsured/uninsured." (*Id.* ¶ 22). Because Plaintiff's medical expenses and future surgical recommendations exceeded the third-party driver's policy limits, Plaintiff also made a claim for benefits under the Policy to Defendant. (*Id.* ¶ 27). According to Plaintiff, Defendant "thereafter

refused to property evaluate [his] demand, ignoring much of [his] pain and suffering, injuries and damages, and has not made reasonable offers to settle [his] claim." (*Id.* ¶ 28).

Plaintiff subsequently filed suit in the Eighth Judicial District Court of Nevada, asserting claims for: (1) breach of contract; (2) contractual breach of the implied covenant of good faith and fair dealing; (3) tortious breach of the implied covenant of good faith and fair dealing; and (4) breach of statutory duties under Nevada Revised Statues ("NRS") § 686A.310. (*Id.* ¶¶ 31–62). Defendant then removed to this Court based on diversity jurisdiction, (*see generally* Pet. Removal, ECF No. 1), and filed the instant Motion to Dismiss, (ECF No. 6).

## II.   LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a

complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**III.    DISCUSSION**

As stated, Plaintiff's Complaint asserts the following claims: (1) breach of contract; (2) contractual breach of the implied covenant of good faith and fair dealing; (3) tortious breach of the implied covenant of good faith and fair dealing; and (4) breach of statutory duties under NRS § 686A.310.[1] (Compl. ¶¶ 31–62, Ex. 1 to Pet. Removal).  By the instant Motion to Dismiss, however, Defendant only moves to dismiss Plaintiff's causes of action for contractual breach of the implied covenant of good faith and fair dealing, tortious breach of the implied covenant of good faith, and fair dealing and breach of statutory duties under NRS § 686A.310.

---

[1] Defendant further moves to dismiss or strike Plaintiff's request for punitive damages. (MTD 10:23–11:26). Because the Court dismisses without prejudice the causes of action which support these forms of relief, the Court also dismisses without prejudice Plaintiff's request for punitive damages and attorney's fees.

(Mot. Dismiss ("MTD") 3:20–11:26). The Court discusses these claims below, beginning with Plaintiff's contractual breach of the implied covenant of good faith and fair dealing.

### A. Contractual Breach of the Implied Covenant

Nevada law implies a covenant of good faith and fair dealing in every contract. *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922–23 (Nev. 1991). "Where the terms of a contract are literally complied with but one party to the contract deliberately contravenes the intention and the spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Id.* "This cause of action is different from one for breach of contract because it requires literal compliance with the terms of the contract." *Stebbins v. Geico Ins. Agency*, No. 2:18-cv-00590, 2019 WL 281281, at *2 (D. Nev. Jan. 22, 2019). "It is well established that a claim alleging breach of the implied covenants of good faith and fair dealing cannot be based on the same conduct establishing a separately pled breach of contract claim." *Id.* (quotation omitted).

Here, Plaintiff's Complaint does not adequately allege literal compliance with the contractual terms of the Policy and uses the same allegations for both breach of contract and breach of the implied covenant of good faith and fair dealing. (*Compare* Compl. ¶ 34, Ex. 1 Pet. Removal *with id.* ¶ 43). "While plaintiffs may plead both breach of contract and breach of the implied covenants as alternative theories of liability, all elements of each cause of action must be properly pleaded." *Stebbins*, 2019 WL 281281, at *3. This is not the case with Plaintiff's Complaint, which uses the same allegation for both breach of contract and contractual breach of the implied covenant of good faith and fair dealing. Therefore, the Court dismisses Plaintiff's claim for contractual breach of the implied covenant of good faith and fair dealing, but grants leave to amend because it is not clear that amendment would be futile. *See Sonoma Cty. v. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1118 (9th Cir. 2013)

("As a general rule, [d]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment.") (quotation omitted).

### B. Tortious Breach of the Implied Covenant

To state a claim for a tortious breach of the implied covenant, the insured must plausibly allege that: (1) an insurer denied a claim; (2) without any reasonable basis; and (3) with the knowledge or reckless disregard of any reasonable basis to deny coverage. *See Falline v. GNLV Corp.*, 823 P.2d 888, 891 (Nev. 1991). That is, bad faith requires an insurer's denial of benefits to be both objectively and subjectively unreasonable. *See Rivas v. Gov't Employees Ins. Co.*, No. 2:20-cv-306, 2020 WL 3128596, at *2 (D. Nev. June 12, 2020). And an insurer's honest mistake, bad judgment, or negligence is not enough. *Allstate Ins. Co v. Miller*, 212 P.3d 318, 330 (Nev. 2009).

An insurer's knowingly "unreasonable denial or delay in payment of a valid claim" is grounds for a bad faith claim. *Guar. Nat. Ins. Co. v. Potter*, 912 P.2d 267, 272 (Nev. 1996). An insurer's failure to adequately inform the insured about a reasonable settlement offer can also be grounds for a bad faith claim. *See Miller*, 212 P.3d at 315. In contrast, "an insurer does not act in bad faith merely because it disagrees with the claimant's estimation of his injuries or delays paying out benefits until it receives relevant documents or expert opinions." *Igartua v. Mid-Century Ins. Co.*, 262 F. Supp. 3d 1050, 1055 (D. Nev. 2017).

Defendant argues Plaintiff has not plausibly alleged facts that its valuation was without a reasonable basis and that Defendant knew it was without a reasonable basis. (MTD 3:14–7:22). Instead, Defendant contends the facts show a genuine dispute over valuation, which defeats a tortious bad faith claim as a matter of law. (*Id.*).

At the outset, the Court acknowledges that Plaintiff's Complaint identifies several types of action taken by Defendant which he believes evidence its bad faith. (Compl. ¶ 37(a)–(b), Ex. A to Pet. Removal). These allegations, however, are unsupported by facts that make an

inference of culpability plausible. *See In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) ("[A]llegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not entitled to the assumption of truth, and "are insufficient to defeat a motion to dismiss for failure to state a claim.") (internal citation omitted).  As currently alleged, his conclusory allegations fail the Fed. R. Civ. P. 8(a)(2) pleading requirement, which "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Without these allegations, Plaintiff's claim boils down to a dispute over valuation. Plaintiff's Complaint alleges that Defendant offered him an unreasonably low settlement considering the value of his claim. (Compl. ¶ 52, Ex. 1 to Pet. Removal).  However, an "insurer does not act in bad faith merely because it disagrees with the claimant's estimation of his injuries or delays paying out benefits until it receives relevant documents or expert opinions." *Igartua v. Mid-Century Ins. Co.*, 262 F. Supp. 3d 1050, 1055 (D. Nev. 2017).  Plaintiff must allege facts to support his claim that Defendant unreasonably, or, alternatively, that Defendant knew it delayed or denied coverage unreasonably.  Accordingly, the Court dismisses this claim but with leave to amend because it is not clear that amendment would be futile. *Sonoma Cty. Ass'n of Retired Emps.*, 708 F.3d at 1118.

**C. Unfair Claims Practices Act**

Under NRS § 686A.310, an insurer is liable for damages if it engages in any of the various enumerated acts.  Plaintiff, in both his Complaint and Response to Defendant's Motion, "merely lists various subsections of the statute and quotes the statutory language.  [Plaintiff] fails to allege facts plausibly showing a violation of any statutory section." *Castillo v. GEICO Cas. Co,* 446 F. Supp. 3d 710, 714 (D. Nev. 2020).  Accordingly, the Court dismisses this claim but with leave to amend because it is not clear that amendment would be futile. *Sonoma Cty. Ass'n of Retired Emps.*, 708 F.3d at 1118.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 6), is **GRANTED**. Plaintiff shall have until November 15, 2024, to file an amended complaint. Any amended complaint should remedy the deficiencies identified in this Order. Failure to file an amended complaint by this date shall result in the Court dismissing Plaintiff's claims for contractual breach of the implied covenant of good faith and fair dealing, tortious breach of the implied covenant of good faith and fair dealing, and NRS § 686A.310 with prejudice.

**DATED** this __25__ day of October, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT