UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAN ZOOKIN,<br><br>                    Plaintiff,<br>vs.<br><br>CSAA GENERAL INSURANCE COMPANY, *et al.*,<br><br>                    Defendants. | Case No.: 2:24-cv-00914-GMN-MDC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Pending before the Court is the Second Motion to Dismiss ("MTD"), (ECF No. 23), filed by Defendant CSAA General Insurance Company. Plaintiff Ran Zookin filed a Response, (ECF No. 24), to which Defendant filed a Reply, (ECF No. 25).

For the reasons discussed below, the Court **GRANTS** Defendant's Second Motion to Dismiss. The Court gives Plaintiff one more opportunity to amend his First Amended Complaint ("FAC").

I.  **BACKGROUND**

This case arises from injuries Plaintiff sustained in an accident with a third-party driver in June 2021. (*See generally* FAC, ECF No. 13). As a result of the collision, Plaintiff suffered damage to his vehicle and physical injury. (*Id.* ¶ 19). At the time of the accident, Plaintiff had a policy insurance with Defendant, (the "Policy"). (*Id*. ¶¶ 21–22). Plaintiff alleges that pursuant to the Policy, Defendant agreed to pay compensatory damages for bodily injury to an insured that was caused by a third-party driver who was "underinsured/uninsured." (*Id.* ¶ 21). Because Plaintiff's medical expenses and future surgical recommendations exceeded the third-party driver's policy limits, Plaintiff also made a claim for benefits under the Policy to Defendant. (*Id*. ¶ 26). According to Plaintiff, Defendant "thereafter refused to properly evaluate [his]

demand, ignoring much of [his] pain and suffering, injuries and damages, and has not made reasonable offers to settle [his] claim." (*Id.* ¶ 27).

Plaintiff subsequently filed suit in the Eighth Judicial District Court of Nevada, asserting claims for: (1) breach of contract; (2) contractual breach of the implied covenant of good faith and fair dealing; (3) tortious breach of the implied covenant of good faith and fair dealing; (4) bad faith; and (5) breach of statutory duties under Nevada Revised Statues ("NRS") § 686A.310. (*Id.* ¶¶ 31–62). Defendant then removed to this Court based on diversity jurisdiction. (*See generally* Pet. Removal, ECF No. 1). The Court granted Defendant's First Motion to Dismiss, finding that Plaintiff had not adequately pleaded facts meeting the elements of his claims nor pled facts with particularity but gave him leave to amend. (*See generally* Order, ECF No. 12). Plaintiff filed his FAC alleging the same causes of action, which Defendant again moves to dismiss. (*See generally* MTD, ECF No. 23).

## II. **LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

1   If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

As stated, Plaintiff's FAC asserts the following claims: (1) breach of contract; (2) contractual breach of the implied covenant of good faith and fair dealing; (3) tortious breach of the implied covenant of good faith and fair dealing; (4) bad faith; and (5) breach of statutory duties under NRS § 686A.310.[1] (*See generally* FAC).  By the instant Motion to Dismiss, however, Defendant only moves to dismiss Plaintiff's causes of action for contractual breach of the implied covenant of good faith and fair dealing, tortious breach of the implied covenant of good faith, and bad faith. (*See generally* MTD).  The Court discusses these claims below, beginning with Plaintiff's contractual breach of the implied covenant of good faith and fair dealing.

### A. Contractual Breach of the Implied Covenant

Defendant moves to dismiss Plaintiff's claim for contractual breach of the implied covenant of good faith and fair dealing arguing the claim fails under FRCP 12(b)(6).  Nevada law implies a covenant of good faith and fair dealing in every contract. *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922–23 (Nev. 1991).  "Where the terms of a contract

---

[1] Defendant further moves to dismiss Plaintiff's request for punitive damages. (MTD 7:1–3).  Because the Court dismisses without prejudice the causes of action which support these forms of relief, the Court also dismisses without prejudice Plaintiff's request for punitive damages.

are literally complied with but one party to the contract deliberately contravenes the intention and the spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Id.* "An insurer breaches the duty of good faith when it refuses 'without proper cause to compensate its insured for a loss covered by the policy.'" *Pioneer Chlor Alkali Co., Inc. v. Nat'l Union Fire Ins. Co.*, 863 F. Supp. 1237, 1242 (D. Nev. 1994) (quoting *United States Fidelity & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975). To constitute a denial "without proper cause" an insurer must have an "actual or implied awareness of the absence of a reasonable basis for denying benefits of the policy." *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354 (Nev. 1986) (citation omitted).

   Plaintiff's original Complaint did not adequately allege literal compliance with the contractual terms of the Policy and used the same allegations for both breach of contract and breach of the implied covenant of good faith and fair dealing. (*Compare* Compl. ¶ 34, Ex. 1 Pet. Removal *with id.* ¶ 43). The Court dismissed for these reasons and granted Plaintiff leave to amend.

   Plaintiff's FAC alleges five new paragraphs in an effort to support this claim. (*See* FAC ¶¶ 42–46). The new facts boil down to this: Plaintiff complied with the contract and Defendant did not fully compensate Plaintiff for his claimed injury, and it failed to provide sufficient reason for the denial. (*Id.* ¶¶ 42, 46). Defendant argues that dismissal is warranted because the new facts are too generic to survive the motion to dismiss stage. (MTD 4:17–18). On the other hand, Plaintiff contends that the addition of the new facts establishes "literal compliance" of the contract he performed, *i.e.*, that he entered into a contract with Defendant and that he made his premium payments in a timely manner. (Resp. 3:20–23); (*see also* FAC ¶ 43). Plaintiff further avers that his FAC sets forth the duty and breach of the Defendant regarding the contract because Defendant did not have a reasonable basis for denying benefits of the policy. (Resp. 3:24–25); (*see* FAC ¶ 46).

However, none of the FAC's allegations tend to establish that Defendant did not have proper cause to refuse to compensate Plaintiff, or that Plaintiff's alleged losses were covered by the subject insurance policy. Although Plaintiff alleges that Defendant "breached its duty of good faith and fair dealing by denying Plaintiff full compensation for his claim," and that it "knowingly or intentionally fail[ed] to provide a proper cause or reason for this denial," this is merely a legal conclusion as Plaintiff fails to provide factual content which would allow the Court to reasonably infer that Defendant is liable for the misconduct alleged. *Am. Excess Ins. Co.*, 729 P.2d at 1354; *Iqbal*, 556 U.S. at 678.

The Court agrees with Defendant and finds that the addition of the newly pleaded facts fail to cure the deficiencies of the previous Complaint. Accordingly, this claim is DISMISSED.

**B. Tortious Breach of the Implied Covenant**

Defendant next moves to dismiss Plaintiff's claim for tortious breach of the implied covenant. Under Nevada law, breach of the implied covenant can give rise to tort liability when a special relationship exists between the parties to the contract, such as the relationship between an insurer and an insured. *Ins. Co. of the West v. Gibson Title Co., Inc.*, 134 P.3d 698, 702 (Nev. 2006). "An insurer breaches the duty of good faith when it refuses 'without proper cause to compensate its insured for a loss covered by the policy.'" *Pioneer,* 863 F. Supp. at 1242 (quoting *Peterson*, 540 P.2d at 1071). To constitute a denial "without proper cause," an insurer must have an "actual or implied awareness of the absence of a reasonable basis for denying benefits of the policy." *Am. Excess Ins. Co..*, 729 P.2d at 1354. In other words, an insurer's incorrect determination that coverage does not exist under a particular policy is not an actional tort unless there was no reasonable basis for that determination. *Pioneer*, 863 F. Supp at 1242.

Plaintiff's original Complaint was dismissed because Plaintiff's allegations were unsupported by facts that make an inference of culpability plausible. *See In re Cutera Sec.*

*Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) ("[A]llegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not entitled to the assumption of truth, and "are insufficient to defeat a motion to dismiss for failure to state a claim.") (internal citation omitted). Plaintiff's FAC alleges six new paragraphs that mirror boilerplate element recitation and fail to cure the deficiencies in his Complaint. The FAC does not allege facts that demonstrate how Defendant's actions give rise to tort liability. As currently alleged, Plaintiff's conclusory allegations fail the Fed. R. Civ. P. 8(a)(2) pleading requirement, which "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Thus, this claim is DISMISSED.

### C. Bad Faith

Lastly, Defendant moves to dismiss Plaintiff's bad faith claim. To state a claim for a bad faith, the insured must plausibly allege that: (1) an insurer denied a claim; (2) without any reasonable basis; and (3) with the knowledge or reckless disregard of any reasonable basis to deny coverage. *See Falline v. GNLV Corp.*, 823 P.2d 888, 891 (Nev. 1991). That is, bad faith requires an insurer's denial of benefits to be both objectively and subjectively unreasonable. *See Rivas v. Gov't Employees Ins. Co.*, No. 2:20-cv-306, 2020 WL 3128596, at *2 (D. Nev. June 12, 2020). And an insurer's honest mistake, bad judgment, or negligence is not enough. *Allstate Ins. Co v. Miller*, 212 P.3d 318, 330 (Nev. 2009).

An insurer's knowingly "unreasonable denial or delay in payment of a valid claim" is grounds for a bad faith claim. *Guar. Nat. Ins. Co. v. Potter*, 912 P.2d 267, 272 (Nev. 1996). An insurer's failure to adequately inform the insured about a reasonable settlement offer can also be grounds for a bad faith claim. *See Miller*, 212 P.3d at 315. In contrast, "an insurer does not act in bad faith merely because it disagrees with the claimant's estimation of his injuries or delays paying out benefits until it receives relevant documents or expert opinions." *Igartua v. Mid-Century Ins. Co.*, 262 F. Supp. 3d 1050, 1055 (D. Nev. 2017).

The Court acknowledges that Plaintiff's FAC identifies several types of action taken by Defendant which he believes evidence its bad faith. (FAC ¶ 61(a)–(i)). But these allegations were also found in the original Complaint, and the Court held that these allegations were unsupported by facts that made an inference of culpability plausible. *See In re Cutera Sec. Litig.*, 610 F.3d at 1108 (9th Cir. 2010); (Compl. ¶ 37(a)–(i), Ex. A to Pet. Removal). As currently alleged, Plaintiff's conclusory allegations fail the Fed. R. Civ. P. 8(a)(2) pleading requirement. *Iqbal*, 556 U.S. at 678.

Even with the addition of new paragraphs, Plaintiff's claim still boils down to a dispute over valuation. Plaintiff's FAC alleges that Defendant offered him an unreasonably low settlement considering the value of his claim. (*See generally* FAC). Plaintiff provided Defendant with all the information necessary to make an informed decision regarding his claim, including medical bills and records, but the amount offered was unsatisfactory to Plaintiff. (Resp. 24:14–16). An "insurer does not act in bad faith merely because it disagrees with the claimant's estimation of his injuries or delays paying out benefits until it receives relevant documents or expert opinions." *Igartua*, 262 F. Supp. 3d at 1055. Plaintiff fails to allege facts to support his claim that Defendant unreasonably, or, alternatively, that Defendant knew it delayed or denied coverage unreasonably. And again, conclusory statements, like the ones in Plaintiff's FAC, do not suffice. Accordingly, the Court dismisses this claim.

In sum, Defendant's Motion to Dismiss is GRANTED. Because it is not clear that amendment would be futile, the Court will give Plaintiff one more opportunity to amend his FAC by filing a Second Amended Complaint curing the deficiencies discussed above. If Plaintiff is unsuccessful in his attempt at a Second Amended Complaint, then the only claims that will survive are his breach of contract and Unfair Trade Practices claims which Defendant did not move to dismiss in its Second Motion to Dismiss.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 23), is **GRANTED**. Plaintiff shall have 21 days from the date of this Order, to file an amended complaint. Any amended complaint should remedy the deficiencies identified in this Order. Failure to file an amended complaint by this date shall result in the Court dismissing Plaintiff's claims for contractual breach of the implied covenant of good faith and fair dealing, tortious breach of the implied covenant of good faith and fair dealing, and bad faith with prejudice.

**DATED** this __19__ day of March, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT