NOAH A. DURAN, ESQ.
Nevada Bar No. 15033
**VAN LAW FIRM**
1290 S. Jones Boulevard
Las Vegas, NV 89146
(725) 900-9000 Telephone
(702) 800-4662 Facsimile
noah@vanlawfirm.com
*Attorney for Plaintiff Ran Zookin*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RAN ZOOKIN, an individual,<br><br>         Plaintiff,<br><br>    vs.<br><br>CSAA GENERAL INSURANCE COMPANY, a foreign corporation; DOE EMPLOYEES I-V; ROE CORPORATIONS I-V,<br><br>         Defendants. | CASE NO.  2:24-cv-914<br><br>**STIPULATED JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to Local Rule 26-1(d) and (e), as well as Fed.R.Civ.P.26(f), counsel for the parties conducted a Rule 26(f) discovery conference on January 28, 2025. After conferring about the case, the parties submit the following Stipulated Joint Discovery Plan and Scheduling Order.

   1.   **Initial Disclosures:** The parties will exchange Rule 26(a) disclosures within 14 days of their Rule 26(f) conference, and no later than **February 11, 2025.**

   2.   **Discovery Cutoff Date:** LR 26-1(e)(1) provides that "unless otherwise ordered, discovery periods longer than one hundred eighty (180) days from the date the first defendant answers or appears will require special scheduling review." The Parties jointly request a change to LR 26-1(e)(1) to extend the discovery period. Defendant filed its Petition for Removal on May 15, 2024. The Parties conferred as to the scope of discovery that will need to be conducted in this matter and concluded that additional time is required to obtain all necessary records from non-parties, and to conduct multiple depositions

including those of Defendant's employees, all of whom work remotely and do not reside in Nevada. These documents and depositions are essential to the Parties' expert discovery. Thus, additional time is necessary to develop the Parties' respective cases in chief.

Discovery shall be commenced and completed no later than **July 25, 2025**, which is 180 days after the Fed. R. Civ. P. 26(f) conference or alternatively, and preferably by and between the parties, 180 days after such time as the Court has heard and decided the pending Motion to Dismiss filed on December 10, 2024. Notwithstanding the foregoing, the parties reserve the right to seek an extension of discovery provided they timely conduct discovery in good faith.

3. **Amending the Pleadings and Adding Parties:** Any motion to amend the pleadings or add parties shall be filed by **April 25, 2025**, which is 90 days prior to the discovery cutoff.

4. **Expert Disclosures:** The parties have agreed to a "staggered" expert discovery schedule, wherein Plaintiff will make initial expert disclosures, then Defendant will make initial and rebuttal expert disclosures, and finally Plaintiff will make rebuttal expert disclosures. The parties are requesting a staggered discovery schedule to avoid potential disputes over what constitute expert rebuttal opinions. The parties request this schedule to avoid anticipating what areas of expertise, if any, are necessary, and to minimize the unnecessary expense of retaining experts to address claims or defenses that are not being pursued. The parties propose the following schedule:

- Plaintiff's initial expert disclosures shall be served **April 25, 2025**, 90 days prior to the discovery cutoff.
- Defendant's initial and rebuttal expert disclosures shall be served **May 26, 2025**, 60 days prior to discovery cutoff.
- Plaintiff's rebuttal expert disclosures shall be served **June 25, 2025**, 30 days prior to the discovery cutoff.

5. **Dispositive Motions:** Dispositive motions, if any, shall be filed by **August 22, 2025**, which is 30 days after discovery cutoff.

6. **Pretrial Order:** A Joint Pretrial Order shall be filed by **September 20, 2025**, which is 30 days after the deadline for filing dispositive motions. However, if any dispositive motions are filed, then the Joint Pretrial Order shall be due 30 days after decision on such motion(s). Disclosures under Fed. R. Civ.P.26(a)(3), and any, objections thereto, shall be included in the Joint Pretrial Order.

7. **Alternative Dispute Resolution:** The parties met and conferred regarding the possibility of using alternative dispute resolution processes, namely settlement conference, arbitration and mediation. The parties agree that alternative dispute resolution would not be effective at this time, but they are willing to revisit this issue after conducting discovery.

8. **Alternative Forms of Case Disposition:** The parties met and conferred regarding the use of a magistrate judge for all purposes or to submit to the Short Trial Program. The parties do not agree to have this matter heard by a magistrate judge at this time, but they are willing to revisit this issue at a later time.

9. **Electronic Discovery:** The parties discussed whether they intend to present evidence in electronic format to jurors for the purpose of jury deliberations. At this time, the parties have not made any stipulations regarding providing discovery in an electronic format compatible with the Court's electronic jury evidence display system.

10. **Inadvertent Disclosure:** Pursuant to Fed. R. Evid. 502(d) and(e), the parties both agree and request that entry of this order establish that inadvertent or mistaken production or disclosure of documents or other information subject to the attorney-client privilege, the work product doctrine, or other privilege shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other related information for purposes of this or any other litigation. If a producing party inadvertently produces or otherwise discloses to a receiving party information that is subject to such privilege or immunity, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the inadvertently disclosed information be returned, stricken or otherwise appropriately handled to reverse

3

the inadvertent disclosure. The receiving party shall return all copies of the inadvertently produced material within five business days of receipt of the request and otherwise cooperate to fulfill this agreement. Any notes or summaries referring or relating to any inadvertently produced privileged material shall be destroyed.

11. **Modifications of Discovery Limits:** The parties believe that they can complete discovery without exceeding the standard limits for depositions and interrogatories.

Respectfully Submitted this 18th day of April, 2025.

| VAN LAW FIRM | McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP |
|---|---|
| */s/ Noah A. Duran* <br> NOAH A. DURAN, ESQ. <br> Nevada Bar No. 15033 <br> 1290 S Jones Boulevard <br> Las Vegas, NV 89146 <br> (725) 900-9000 Telephone <br> (702) 800-4662 Facsimile <br> noah@vanlawfirm.com <br> *Attorney for Plaintiff* | */s/ Amanda A. Ebert* <br> AMANDA A. EBERT, ESQ. <br> Nevada Bar No. 12731 <br> aebert@mbswc.com <br> JONATHAN W. CARLSON, ESQ. <br> Nevada Bar No. 10536 <br> jcarlson@mbswc.com <br> 8337 West Sunset Road, Suite 350 <br> Las Vegas, NV 89113 <br> Telephone: (702) 949-1100 <br> Facsimile: (702) 949-1101 <br> *Attorneys for Defendant* |

IT IS SO ORDERED:  Denied without prejudice.  Local Rule 26-1(a) required the parties to conduct the Rule 26(f) conference within 30 days after defendant's first appearance, which was May 15, 2024, and then file the Proposed Discovery Plan and Scheduling Order within 14 days thereafter.  The parties provide no excusable neglect (see LR IA 6-1(a)), or any other explanation why the parties failed to act for almost 1 year. The parties shall submit an amended Proposed Discovery Plan and Scheduling Order by **April 28, 2025,** fully addressing these matters.

**UNITED STATES MAGISTRATE JUDGE**
DATED: 4-23-25

5