UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAN ZOOKIN,<br><br>                Plaintiff,<br>vs.<br><br>CSAA GENERAL INSURANCE COMPANY,<br><br>                Defendant. | Case No.: 2:24-cv-00914-GMN-MDC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Pending before the Court is the Third Motion to Dismiss ("MTD"), (ECF No. 38), filed by Defendant CSAA General Insurance Company. Plaintiff Ran Zookin filed a Response, (ECF No. 41), to which Defendant filed a Reply, (ECF No. 42).

Because Plaintiff's Second Amended Complaint ("SAC") provides sufficient facts, when accepted as true, to state a claim for relief that is plausible on its face, the Court DENIES Defendant's Third Motion to Dismiss.

**I.     BACKGROUND**

This case arises from injuries Plaintiff sustained in an accident with a third-party driver in June 2021. (*See generally* SAC, ECF No. 28). As a result of the collision, Plaintiff suffered damage to his vehicle and physical injury. (*Id.* ¶ 19). At the time of the accident, Plaintiff had an insurance policy, ("the Policy"), with Defendant. (*Id*. ¶¶ 21–22). Plaintiff alleges that pursuant to the Policy, Defendant agreed to pay compensatory damages for bodily injury to an insured that was caused by a third-party driver who was "underinsured/uninsured." (*Id.* ¶ 21). Because Plaintiff's medical expenses and future surgical recommendations exceeded the third-party driver's policy limits, Plaintiff submitted a claim to Defendant for benefits under the Policy. (*Id*. ¶ 26–29). According to Plaintiff, Defendant "thereafter refused to properly evaluate

1  [his] demand, ignore[ed] much of [his] pain and suffering, injuries and damages, and has not
2  made reasonable offers to settle [his] claim." (*Id.* ¶ 30).

3        Plaintiff originally filed suit in the Eighth Judicial District Court of Nevada, asserting
4  claims for: (1) breach of contract; (2) contractual breach of the implied covenant of good faith
5  and fair dealing; (3) tortious breach of the implied covenant of good faith and fair dealing; (4)
6  bad faith; and (5) breach of statutory duties under Nevada Revised Statutes ("NRS") 686A.310.
7  (*See generally* First Am. Compl. ("FAC"), ECF No. 14).  Defendant then removed to this Court
8  based on diversity jurisdiction and moved to dismiss the case. (*See generally* Pet. Removal,
9  ECF No. 1); (*see generally* First MTD, ECF No. 6).

10        The Court granted Defendant's First Motion to Dismiss, finding that Plaintiff had not
11  adequately pled facts meeting the elements of his claims nor pled facts with particularity but
12  gave him leave to amend. (*See generally* Order re First MTD, ECF No. 12).  Plaintiff filed his
13  FAC alleging the same causes of action, which Defendant again moved to dismiss. (*See*
14  *generally* Second MTD, ECF No. 23).  The Court granted Defendant's Second Motion to
15  Dismiss, finding again that Plaintiff had not adequately pled facts meeting the elements of his
16  claims nor pled facts with particularity but gave him leave to amend for a final time. (*See*
17  *generally* Order re Second MTD, ECF No. 27).  Plaintiff filed his SAC, only asserting claims
18  for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing/bad
19  faith; and (3) breach of statutory duties under NRS 686A.310. (*See generally* SAC).  So, it
20  appears that Plaintiff has combined his claims for contractual breach of the implied covenant of
21  good faith and fair dealing, tortious breach of the implied covenant of good faith and fair
22  dealing, and bad faith into one.  Defendant now moves to dismiss the SAC. (*See generally*
23  Third MTD, ECF No. 38).

24
25

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## III. DISCUSSION

Plaintiff's SAC asserts the following claims: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing/bad faith; and (3) breach of statutory duties under NRS 686A.310. (*See generally* SAC). Defendant's instant Motion to Dismiss only seeks to dismiss Plaintiff's breach of the implied covenant of good faith and fair dealing/bad faith claim for failure to state a claim. (*See generally* Third MTD).

Nevada law implies a covenant of good faith and fair dealing in every contract. *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922–23 (Nev. 1991). "Where the terms of a contract are literally complied with but one party to the contract deliberately contravenes the intention and the spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Id.* "An insurer breaches the duty of good faith when it refuses 'without proper cause to compensate its insured for a loss covered by the policy.'"

*Pioneer Chlor Alkali Co., Inc. v. Nat'l Union Fire Ins. Co.*, 863 F. Supp. 1237, 1242 (D. Nev. 1994) (quoting *United States Fidelity & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975). To constitute a denial "without proper cause" an insurer must have an "actual or implied awareness of the absence of a reasonable basis for denying benefits of the policy." *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354 (Nev. 1986) (citation omitted).

Defendant argues that dismissal is warranted for the third time because the SAC's new facts are too generic and still fail to provide specific facts to survive the Motion to Dismiss stage. (Third MTD 3:16–22). But Plaintiff contends that the additional facts provide his total medical bill costs, the amount of compensation offered by the insurer, and information surrounding the insurer's refusal to pay, which demonstrates why Defendant's Motion should be denied. (*See generally* Response, ECF No. 41). Indeed, Plaintiff's SAC states that Defendant made an unsubstantiated claim about Plaintiff's medical bills being inflated without providing proof of such inflation, had an independent medical review conducted but never released the results to Plaintiff, and lastly, failed to provided evidence for its claim that Plaintiff's medical expenses were exaggerated and not the actual expenses accrued. (*See* SAC ¶¶ 54–56). In sum, Plaintiff's SAC alleges sufficient facts to plead that Defendant did not have proper cause to refuse to appropriately compensate Plaintiff, and that Plaintiff's alleged losses were covered by the subject Policy which he complied with. *Hotels Corp.*, 808 P.2d at 922–23; *Pioneer Chlor Alkali Co., Inc.*, 863 F. Supp. at 1242. These new facts cure the deficiencies of the FAC and provide sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

Accordingly, the Motion to Dismiss Plaintiff's claim for breach of the implied covenant of good faith and fair dealing/bad faith is DENIED. Along with this claim, Plaintiff's two other

claims, breach of contract and breach of statutory duties under NRS 686A.310, both survive as Defendant did not move to dismiss them in its Third Motion to Dismiss.[1]

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 38), is **DENIED.** Plaintiff's breach of contract, breach of implied covenant of good faith and fair dealing/bad faith, and breach of statutory duties under NRS 686A.310 claims will proceed.

**DATED** this __14__ day of July, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[1] Defendant argues for the first time in its Reply that the breach of statutory duties under NRS 686A.310 claim should be dismissed. (Reply 3:18–25). Because the issue was raised for the first time in the Reply, the Court will not consider the argument. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (explaining that a "district court need not consider arguments raised for the first time in a reply brief.").